UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIMOTHY BURGESS,<br><br>        Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 13-CV-1064-JPS<br><br><br>ORDER |

   On July 3, 2012, this court accepted petitioner Timothy Burgess's ("Burgess") plea of guilty to, and adjudged him guilty of, conspiracy to distribute one kilogram or more of heroin, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. (Case No. 11-CR-130-2, Dockets #279, #295). On September 25, 2012, this court sentenced petitioner to 144 months of imprisonment, five years of supervised release, and a special assessment of $100.00. (Case No. 11-CR-130-2, Docket #416). No appeals were taken.

   On September 23, 2013, Burgess filed the present motion to vacate, set aside, or correct the sentence he is serving, pursuant to 28 U.S.C. § 2255, arguing that he had ineffective assistance of trial counsel. (Docket #1). The court ordered and received responsive briefs from Burgess's trial counsel and from the government. (Dockets #3, #5, #6, #9, #10). Based on the paper record, the court determined that an evidentiary hearing was required, and referred the matter to Magistrate Judge Gorence for proceedings. (Docket #11). Magistrate Gorence appointed counsel, and set a date for an evidentiary hearing. (Dockets #12, #19).

   The matter comes before the court on Burgess's motion to voluntarily dismiss his petition, which he filed before the evidentiary hearing was held.

(Docket #21). Burgess requests that the petition be dismissed without prejudice. The government filed a letter to the court, stating that it had no objection to the request. (Docket #23.)

The Rules Governing Section 2255 Cases do not include a rule governing voluntary dismissals. Accordingly, Federal Rule of Civil Procedure 41 applies. *See* Fed. R. Civ. P. 81(a)(4)(A) (establishing that the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that the practice in those proceedings is not specified in a federal statute,…or the Rules Governing Section 2255 Cases[.]") (internal subsection heading omitted). *See also* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure…, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Federal Rule of Civil Procedure 41 provides that a petitioner may dismiss an action without a court order pursuant to subsection (a)(1)(A)(i) by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or pursuant to subsection (a)(1)(A)(ii) by filing a stipulation of dismissal signed by all parties. A petitioner must obtain a court order to voluntarily dismiss an action, upon terms the court considers proper, in cases where the requirements of subsection (a)(1)(A) are not satisfied. Fed. R. Civ. P. 41(a)(2).

In this case, the government has answered the petition, so dismissal pursuant to Rule 41(a)(1)(A)(i) is no longer proper. Though technically not a stipulation of dismissal, taken together, the motion and the government's letter response thereto may satisfy the function of a stipulation of dismissal under subsection (a)(1)(A)(ii): they evince agreement that the case may be dismissed. In any event, the court deems it proper to issue an order dismissing this case, in satisfaction of Rule 41(a)(2), upon the terms suggested

by Burgess and assented to by the government, namely, that the petition be dismissed without prejudice.

Accordingly,

IT IS ORDERED that Petitioner's motion to voluntarily dismiss his petition (Docket #21) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that this matter be and the same is hereby DISMISSED without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge